364 A.2d 257

COMMONWEALTH of Pennsylvania

v.

Arturo RAMOS, Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided Oct. 8, 1976.

William H. Platt, Public Defender, Allentown, for appellant.

George J. Joseph, Dist. Atty., Lawrence J. Brenner, Asst. Dist. Atty., Allentown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Appellant, Arturo Ramos, pled guilty to having shot one Andre Rosario and was thereafter found guilty of murder in the second degree, the Commonwealth having stipulated that the charge of murder should rise no higher. A sentence of seven to fourteen years was imposed.

The instant appeal is from the denial of appellant's postconviction petition alleging that his trial counsel was ineffective and that his plea was involuntary due to the fact that he did not understand the nature of the charges against him.[1]

The colloquy reflects, as alleged by appellant, that neither the charges against him nor the elements comprising the crime of murder in the second degree were ever explained to him on the record. This fatal omission requires a reversal of the Order of the Court of Common Pleas of Lehigh County, Criminal Division, and the grant of a new trial in light of our decisions in *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976) and *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77

1. Jurisdiction is conferred upon this Court pursuant to Section 11 of the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965), 1580, § 11, 19 P.S. § 1180–11, and Section 202 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202, 17 P.S. § 201.202.

(1973). *See also, Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).[2]

Reversed and remanded for a new trial.

Mr. Chief Justice JONES and Mr. Justice POMEROY dissent to the retroactive application of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1973). *See, Commonwealth v. Minor,* 467 Pa. 230, 239–240, 356 A.2d 346, 351 (Pomeroy, J., dissenting).

ROBERTS, J., filed a concurring opinion in which O'BRIEN and MANDERINO, JJ., joined.

EAGEN, J., dissents.

ROBERTS, Justice (concurring).

I join the opinion of the court but wish to add these observations. The record shows that the following colloquy comprised the entire explanation made by the court to appellant of the elements of murder, the charge to which he pled guilty:

"The Court: Is he aware that he is charged with committing a murder? Is he aware of that?

(Discussion in Spanish between Fix [interpreter] and [appellant])

Miss Fix: Yes.

.    .    .    .    .    .    .    .

The Court: Mr. Brenner [assistant district attorney], was there any confession here?

Mr. Brenner: Yes, your Honor, there was an admission that he did fire the gun and there was a statement that was given to the police.

2. Although unartfully drawn, appellant's *pro se* claim of ineffective assistance of trial counsel made in his original post-conviction petition is borne out by the record and the *Ingram* issue *is* therefor not waived under Section 1180–4 of the Post Conviction Hearing Act, *supra.*

The Court: Does he understand by pleading guilty to murder he is admitting that he committed this offense?

(Discussion in Spanish between Fix and Ramos)

Miss Fix: Yes."

This colloquy is inadequate, as prior case law of this Court fully demonstrates. See *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Hunter*, 468 Pa. 7, 359 A.2d 785 (1976); *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Sutton*, 465 Pa. 335, 350 A.2d 793 (1976); *Commonwealth v. Ingram*, 445 Pa. 198, 316 A.2d 77 (1973); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968). It fails to explain the nature and elements of the charges against appellant. The plea must therefore be found involuntary, and appellant is entitled to a new trial. *Commonwealth v. Holmes,* supra; *Commonwealth v. Minor,* supra; *Commonwealth v. Ingram,* supra.

Federal law now mandates this result. In *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the Supreme Court of the United States held in a habeas corpus appeal that a guilty plea to the charge of murder was involuntary and violated due process because the element of intent was not explained to the defendant. The plea had been entered in a state court proceeding in June 1965. Mr. Justice Stevens, speaking for the Court, stated:

"[A guilty] plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charges against

him, the first and universally recognized requirement of due process.'

. . . . . . . .

"Since [defendant] did not receive adequate notice of the offense to which he pleaded guilty, his plea was involuntary and the judgment of conviction was entered without due process."

426 U.S. at 644–647, 96 S.Ct. at 2257–59 (quoting from *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)). Thus, this Court's decision in *Ingram, Minor*, and cases cited therein are in full accord with United States constitutional requirements. See also *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969).

The importance of an on-the-record colloquy is fully illustrated in this case. Appellant who has only a limited understanding of English, admitted to shooting one Rosario, who had a history of aggravated assault charges against him. Appellant was fully cooperative with police. He received a sentence of seven to fourteen years imprisonment. The record at the original sentencing hearing shows that appellant was a migrant worker. He was married and the father of eight children. He and his family came to this country in 1966, sponsored by a pastor of the community. Appellant's family and the victim's family were friends. Both men had been drinking prior to the altercation. Appellant had no prior criminal record. Appellant now asserts that he pleaded guilty from a deep sense of regret over the tragedy and sorrow that would befall both the victim's family and his own family. He claims he was not aware that, in the circumstances of the incident, he might have had a valid plea of self-defense or voluntary manslaughter. As the record shows, the colloquy at appellant's guilty plea hearing failed to inform appellant of the nature and consequences of his plea. Thus, his plea could have been a result of his sense of remorse and his unfamiliarity with the

law and with this country's judicial system. Only an on-the-record colloquy demonstrating that appellant did in fact know the elements of the crime charged against him can insure that he voluntarily pled guilty to the crime charged.

O'BRIEN and MANDERINO, JJ., join in this concurring opinion.