364 A.2d 259
**COMMONWEALTH of Pennsylvania**

**v.**

**Jerry HOLMES, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 29, 1976.

Decided Oct. 8, 1976.

410

Stewart A. Bernstein, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

ROBERTS, Judge.

On April 24, 1974, appellant Jerry Holmes pleaded guilty to murder generally. The Commonwealth certi-

fied that the charge rose no higher than murder of the second degree and agreed to an entry of a nolle prosequi on other charges pending against appellant. The court accepted the guilty plea and imposed a sentence of nine to twenty years imprisonment. No direct appeal was filed by appellant's trial counsel. On October 18, 1974, appellant filed a pro se PCHA [1] petition alleging that his plea was involuntary and that his trial counsel had been ineffective. The PCHA court appointed counsel for appellant and held hearings on March 6 and June 11, 1975. PCHA relief was denied on June 24, 1975, and this appeal ensued.[2] We reverse and remand for a new trial.

Appellant contends that his guilty plea was involuntary because the elements of the crime charged against him were not adequately explained as required by Pa.R. Crim.P. 319(a)[3] and *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). The record shows that the following exchanges were the sole explanations of the elements of murder:

"Q. [By the court] Do you know that Murder is a malicious killing and that in this case you are charged with a felony murder, and that is there was a plan, a conspiracy to rob Reverend Morris and that any killing resulting from this, whether intentional or rational amounts to a felony murder in the first degree.

---

**1.** Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1976).

**2.** We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 202(1), 17 P.S. § 211.202(1) (Supp.1976), and the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1976).

**3.** Pa.R.Crim.P. 319(a) provides:
"A defendant may plead . . . guilty . . . . The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

"A. [By appellant] Yes, sir.

. . . . . . . .

"Q. [By the assistant district attorney] . . . .
Murder is an unlawful killing defined by malice. You are charged as a principal, that is, one who is guilty of murder. But it will be the Commonwealth's theory that you were not the shooter, that you conspired to rob that store . . . but in the eyes of the law a conspirator is responsible for anything that happens; you understand that, don't you?

"A. [By appellant] Yes."

In *Ingram,* this Court held that a defendant must be given an on-the-record explanation of the elements of the charges to which he is pleading guilty before that plea can be considered voluntary. We stated:

"[A]n adequate on the record colloquy under Rule 319(a) must include a demonstration 'that the defendant understands the nature of the charges. . . .' In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points . . . .. Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." (Citations omitted.)

455 Pa. at 203–04, 316 A.2d at 80; see *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Commonwealth v. Schork,* 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor,* 467 Pa. 230, 356

A.2d 346 (1976); *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Sutton,* 465 Pa. 335, 350 A.2d 793 (1976); *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968).

In its recent *Henderson* opinion, the Supreme Court of the United States re-emphasized the importance of giving a defendant "real notice" of the charges pending against him prior to accepting a guilty plea. There, a guilty plea to a charge of murder of the second degree was held involuntary because the intent requirement for a conviction was not explained to the defendant. Mr. Justice Stevens, speaking for the Court, stated:

> "[A guilty] plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and universally recognized requirement of due process.'

> .  .  .  .  .  .  .  .

> "Since [defendant] did not receive adequate notice of the offense to which he pleaded guilty, his plea was involuntary and the judgment of conviction was entered without due process."

—— U.S. at ——, ——, 96 S.Ct. at 2257, 2259, 49 L.Ed.2d 108 (quoting from *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, 862 (1941)).

■ Thus, when, as here, a defendant is pleading guilty to murder based on a felony-murder theory, the elements of the underlying felony must be explained in understandable terms in order to give defendant "real notice" of the charges against him. *Commonwealth v. Sut-*

414

*ton,* supra.   As Mr. Justice O'Brien stated for a unanimous Court in *Sutton:*

> "[W]hen a guilty plea to a general charge of murder is factually based upon a felony-murder rule, the elements of the specific underlying felony or felonies must be included in colloquy as required by Pa.R. Crim.P. 319(a) and *Commonwealth v. Ingram,* supra, so as to afford the defendant a clear understanding of the nature of the charges against him."

465 Pa. at 339–340, 350 A.2d at 796.

■ Here, as in *Sutton,* appellant was not given an adequate explanation of the elements of felony murder or of the underlying felony.   Because of this deficiency in the guilty plea colloquy, appellant's guilty plea must be held to be involuntary.   See *Commonwealth v. Dilbeck,* supra; *Commonwealth v. Minor,* supra; *Commonwealth v. Sutton,* supra; *Commonwealth v. Ingram,* supra.

■ The Commonwealth argues that appellant has waived his right to raise this issue on collateral attack because of his failure to file a direct appeal.   However, appellant contends that his claim is not waived because his trial counsel was ineffective by failing to file a direct appeal.   We agree.[4]

Section 3 of the Post Conviction Hearing Act[5] provides in pertinent part:

> "To be eligible for relief under this act, a person must . . . prove . . .

---

4.  Although the hearing court received testimony concerning appellant's claim of ineffective assistance of counsel, the court did not address this issue in its opinion.   Rather, it denied relief because it found appellant's guilty plea to be voluntary.   Logically, the court should have determined whether appellant had waived his claim prior to reaching the merits.   We do not remand for findings on this issue because the record fully supports appellant's claim that no waiver occurred.   Thus, a remand would serve no purpose.   See *Commonwealth v. Hall,* 430 Pa. 163, 242 A.2d 241 (1968).

5.  Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 3, 19 P.S. § 1180–3 (Supp.1976).

(d) That the error resulting in his conviction and sentence has not been finally litigated or waived."

Section 4 [6] provides:

"(b) For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

This Court has held that ineffective assistance of counsel is an "extraordinary circumstance" as provided in section 4(b)(2) and precludes a finding of waiver. *Commonwealth v. Ramos*, 468 Pa. 404, 364 A.2d 257 (1976); *Commonwealth v. Musser*, 463 Pa. 85, 343 A.2d 354 (1975); *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973); *Commonwealth v. Green*, 234 Pa. Super. 236, 338 A.2d 607 (1975). The test for determining counsel's effectiveness is well established:

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that

6. Id. § 4(b), 19 P.S. § 1180–4(b).

trial counsel's decisions had any reasonable basis." (Emphasis in original.)

*Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967); accord, *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Abney,* 465 Pa. 304, 350 A.2d 407 (1976); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

Here, appellant wrote his court-appointed attorney after the plea had been accepted by the court requesting that an appeal be filed on appellant's behalf. The attorney, rather than filing the appeal, responded by letter that to appeal the voluntariness of the guilty plea would be "inappropriate" because of "the lengthy conversation [appellant] had with the Judge." The attorney requested appellant to respond immediately if he wished to appeal the sentence imposed, although he stated that a successful appeal on that ground was also doubtful. Appellant never responded and an appeal was never filed.

This record fully supports appellant's claim of ineffective assistance of counsel. Appellant's attorney failed to insure that the elements of the offense were explained to appellant during the guilty plea colloquy. Moreover, his letter to appellant demonstrated a lack of legal preparation. *Ingram* had been filed by this Court on January 24, 1974, three months before appellant's guilty plea colloquy. Despite an obvious violation of the requirements of that case, counsel told appellant that an appeal on that basis would be "inappropriate." Counsel's advice as well as his failure to file an appeal effectively denied appellant his absolute right to appeal. *Commonwealth ex rel. Robinson v. Myers,* 427 Pa. 104, 233 A.2d 220 (1967); *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A.2d 811 (1966); see *Douglas v. California,* 372

U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).[7] Counsel's actions could have no reasonable basis designed to effectuate his client's interests, particularly in light of appellant's specific request for an appeal. It must therefore be concluded that appellant's claim is not waived under section 4 of the Post Conviction Hearing Act.

Order reversed; judgment of sentence vacated; case remanded for new trial.

POMEROY, J., concurs in the result.

---

7.  A *Douglas* denial also precludes a finding of waiver under section 4 of the Post Conviction Hearing Act. *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975); *Commonwealth v. Fiero*, 462 Pa. 409, 341 A.2d 448 (1975). Appellant does not pursue this alternate ground for reaching the merits of this claim.