383 A.2d 849

## COMMONWEALTH of Pennsylvania

v.

## Thomas TABB, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided March 23, 1978.

Thomas C. Carroll, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Adrian DiLuzio, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On June 9, 1975, appellant was convicted of murder of the third degree and robbery, following the entry of a guilty plea. He filed a *pro se* appeal from his convictions on June 30, 1975, and new counsel was appointed to pursue his

appeal. Upon petition of the prosecution the matter was remanded for an evidentiary hearing on the issue of the effectiveness of trial counsel and the adequacy of the guilty plea colloquy. After the hearing, relief was denied. Appellant then appealed both convictions.

Appellant contends here, as he did in the trial court, that the on-the-record colloquy prior to his guilty plea was deficient under Pa.R.Crim.P. 319(a) and *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). We agree that the on-the-record colloquy does not meet the required standards.

While the transcript of the guilty plea proceedings consists of ten pages, only the following discussion appears between the trial court and appellant concerning the charges against him:

"THE COURT: Now, you are pleading guilty to a bill of indictment charging murder and a bill of indictment charging robbery which means that you are admitting that on December 10th, 1974, you wilfully and with malice aforethought killed and murdered Martin Silver. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And that on that same date in the course of committing a theft on Martin Silver in which $87 in United States currency was taken from him you did inflict serious bodily injury to him. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You admit that?

THE DEFENDANT: Yes, sir.

When a defendant in a criminal case enters a plea of guilty, the trial judge is to engage in a colloquy demonstrating, on the record, that the defendant understands, among other things, the nature of the charges against him. Pa.R. Crim.P. 319(a); *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Ramos*, 468 Pa. 404, 364 A.2d 257 (1976); *Commonwealth v. Hunter*, 468 Pa. 7, 359 A.2d 785 (1976); *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356

A.2d 346 (1976); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Sutton*, 465 Pa. 355, 350 A.2d 793 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968). *Accord*, ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 2.1 (Approved Draft, 1968); Standards Relating to the Function of the Trial Judge § 4.2 (Approved Draft, 1972). Absent such an on-the-record colloquy, an appellate court is unable to conclude that the plea of guilty was entered knowingly, voluntarily, intelligently, and understandingly. Pa.R.Crim.P. 319(a); *Commonwealth v. Ramos, supra*; *Commonwealth v. Ingram, supra.*

 Federal constitutional law mandates that a person pleading guilty be aware of the nature of the charges against him. *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Commonwealth v. Holmes, supra*; *Commonwealth v. Ramos, supra*. As Mr. Justice Stevens, speaking for the majority of the Court, stated;

> "[A guilty] plea cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'"

*Henderson v. Morgan, supra*, at 644, 96 S.Ct. at 2257, quoting from *Smith v. O'Grady*, 312 U.S. 329, 344, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). The standards established by Pa.R.Crim.P. 319(a) and *Ingram* ensure that our courts meet this constitutional imperative.

 To satisfy the requirements of Pa.R.Crim.P. 319(a) and the *Ingram* line of cases, the trial court must outline to the defendant in understandable terms the nature of the charges to which a defendant is pleading guilty. As Chief Justice Jones, speaking for this Court, stated in *Commonwealth v. Ingram, supra* :

"We have often enunciated the principle that an adequate on the record colloquy under Rule 319(a) must include a demonstration 'that the defendant understands the nature of the charges. . . .' . . . In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms."

*Id.*, 455 Pa. at 203–204, 316 A.2d at 80 (citations omitted). Absent such a dialogue on the record, we cannot conclude that the plea was entered voluntarily, intelligently, knowingly, and understandingly, *id.*, and a judgment of sentence cannot stand on such a plea.

■ Here, the trial court asked appellant whether he understood that by pleading guilty to charges of murder and robbery appellant was admitting that he willfully and with malice killed Martin Silver. The trial court also inquired whether appellant understood and admitted that in the commission of a theft on Martin Silver appellant inflicted serious bodily injury. The trial court failed, however, to outline in understandable terms the elements of the charges to which appellant pleaded guilty. The trial court did not explain the meaning of robbery or of murder. Neither did the court explain "willfulness" or "malice" in terms understandable to a person not versed in the law, as required by our cases. *E. g., Commonwealth v. Ramos, supra.* Nor did the trial court explain, as required by our cases, the principles of felony-murder, the alternative theory under which appellant could be convicted. *E. g., Commonwealth v.*

*Holmes, supra* ; *Commonwealth v. Sutton, supra.* This failure of the trial court compels the conclusion that the pleas of guilty were not entered voluntarily, knowingly, understandingly and intelligently. A plea not meeting this standard cannot be permitted to stand. *Henderson v. Morgan, supra* ; *Commonwealth v. Holmes, supra* ; *Commonwealth v. Ramos, supra* ; *Commonwealth v. Hunter, supra.*

■ The Commonwealth argues that, where the colloquy is inadequate under *Ingram,* a reviewing court should nonetheless uphold the plea where the defendant understands the factual basis for the plea. In such circumstances the Commonwealth asserts that a court should presume that the defendant understood the legal elements of the offense proscribing his conduct. We do not agree. Such a position is flatly contrary to our constitutional, procedural, and decisional imperatives. A defendant may be fully aware of the events leading to the commission of the offense, and understand the details of his conduct. But this awareness cannot substitute for the separate and distinct need to establish the defendant's awareness of the legal elements of the crime or crimes charged. Only by requiring the trial court to detail the legal consequences on the record may a reviewing court determine both that the defendant was genuinely aware of the legal consequences of his conduct and that those consequences have been detailed accurately.

Appellant raises other issues which we need not address because of our disposition of the case.

Judgments of sentence are reversed and the matter is remanded for a new trial.

PACKEL, former J., did not participate in the decision of this case.