383 A.2d 832

**COMMONWEALTH of Pennsylvania**

v.

**Frank MORIN, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 29, 1977.

Decided March 23, 1978.

Allen N. Brunwasser, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

MANDERINO, Justice.

On June 25, 1974, appellant, Frank Morin, was convicted of theft by deception after a nonjury trial in the Court of Common Pleas of Allegheny County. Post-verdict motions were filed on June 28, 1974, and denied on October 11, 1974. Appellant was sentenced to three and one-half to seven years imprisonment. On appeal, the Superior Court affirmed. *Commonwealth v. Morin,* 237 Pa.Super. 533, 352 A.2d 189 (1975). We granted appellant's petition for allowance of appeal, and this appeal followed. For the reasons that follow, we reverse the judgment of sentence and grant a new trial.

Appellant was represented by the same counsel at trial and on appeal to the Superior Court. Represented by new counsel for the first time on this appeal, appellant contends that he was denied effective assistance of counsel because his previous counsel failed to raise, either in post-verdict motions or in the appeal to the Superior Court, the issue of whether appellant knowingly and intelligently waived his right to a jury trial. We agree.

■ The prosecution initially argues that the issue of ineffective waiver of trial by jury is not properly reviewable by this Court because appellant's brief did not present the colloquy issue in terms of ineffective assistance of counsel. We reject this argument. When appellant's brief first challenged the on-the-record colloquy, it specifically incorporated into that argument the ineffectiveness-of-counsel argument which was fully argued in a subsequent portion of the brief.

We are satisfied that appellant's challenge to the waiver colloquy, which first points out the deficiencies in the colloquy and then argues it was ineffectiveness not to raise those deficiencies in post-verdict motions or on appeal, is properly preserved for our review at this time.

■ It is true, as argued by the prosecution, that counsel may not be deemed ineffective for pursuing a course born of reasonable, calculated strategy, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), and that when it cannot be determined from the record whether counsel acted pursuant to such a reasoned course, the proper remedy is to remand the record for an evidentiary hearing on the issue. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). We may find that trial counsel's stewardship did not meet the standards required by the Constitution without the benefit of such a hearing, however, when it can be said from an examination of the record on appeal that no reasonable basis for counsel's decision could exist. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978). This is such a case: Our examination of the record here leads us to conclude that under no circumstances can it be said that previous counsel's failure to raise this issue resulted from any reasonable strategy designed to effectuate his client's interests. *See Commonwealth v. Twiggs, supra,* 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth ex rel. Washington v. Maroney, supra,* 427 Pa. 599, 235 A.2d 349 (1967).

■ The waiver of a jury trial is a personal right of the accused. The prosecution has the burden of affirmatively establishing waiver. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Rule 1101 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, provides that a defendant may waive the right to a jury trial. Such a waiver is to be approved by the court. Before it may be said that defendant has knowingly and intelligently waived the right to a jury trial, the on-the-record colloquy

must show that the defendant fully comprehended the significance of the right being waived. Rule of Criminal Procedure 1101 provides:

"In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and *such colloquy shall appear on the record.*" (Emphasis added.)

The colloquy must indicate, at a minimum, that the defendant knew the essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards. Among the "essential ingredients of a jury trial," an understanding of which the accused must possess before a knowing and intelligent jury trial waiver can be made, are the requirements that the jury be composed of one's peers chosen from members of the accused's community, that the accused has the right to participate in the selection of the jury, and that every member of that jury must be convinced, beyond a reasonable doubt, of the accused's guilt. *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973).

The colloquy in the instant case is as follows:

"Q. [By defense counsel] Mr. Morin, I have explained to you that you have a right to trial by jury; is that correct?

A. Yes.

Q. I have also explained to you at your option you may have the case heard by Judge Ridge, and Judge Ridge will be the trier of fact as well as the determiner of law; have I explained that?

A. Yes.

Q. Have you freely decided that you would prefer to have Judge Ridge try the case non-jury?

A. Yes.

Q. You are aware that you have a right to a trial by jury?

A. Yes, sir.

Q. There have been no promises or other inducements to make you make this decision, have there?

A. No.

Q. In the last 24 hours have you had any drugs or intoxicating drinks?

A. No.

The Court: Do you have any questions at all about the procedure that is going to be employed?

The Defendant: No, your Honor.

The Court: All right. We will accept your waiver. We understand you wish a non-jury trial."

The above colloquy clearly fails to meet the standards required by Rule 1101 and *Commonwealth v. Williams, supra.* No explanation whatsoever of any of the "essential ingredients of a jury trial" appears on the record. Appellant was not told that the jury would be chosen from his peers in the community, that he could participate in selecting the jury, or that a unanimous jury would have to be convinced beyond a reasonable doubt that appellant was guilty of the crime charged.

The only conclusion possible is that appellant's previous counsel was ineffective for failing to raise the issue of the validity of the jury trial waiver in post-verdict motions and on appeal. Counsel filed post-verdict motions of the "boiler plate" variety, challenging the correctness of the trial court's finding of guilt. The validity of the jury trial waiver is not mentioned in the post-verdict motions, yet the on-the-record waiver colloquy is patently defective. That fact, standing alone, should cause any attorney competently pursuing the client's interests to raise the issue in post-verdict motions. Failure to bring that issue before the post-verdict and appellate courts cannot be said to have had a reasonable basis designed to effectuate appellant's interests on appeal.

■ The prosecution argues, however, that even if counsel was ineffective for not raising the adequacy of the waiver-of-jury-trial colloquy, the case should be remanded to the trial court for an evidentiary hearing to establish whether appellant knowingly and intelligently waived the right to a jury trial despite the inadequacy of the colloquy. We recently rejected a similar argument in *Commonwealth v. Kulp*, 476 Pa. at 363, 382 A.2d at 1212 (1978). *Kulp* involved a purported waiver of the right to trial, in which the prosecution relied on *Commonwealth v. Williams* in arguing that in the case of an inadequate colloquy, an evidentiary hearing, and not a new trial, was the appropriate remedy.

"In asserting its contention that remand is the appropriate remedy, the Commonwealth ignores that [*Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974)] was decided after *Williams*. While *Ingram* has been held not to have changed the requirement as to the content of the colloquy, *Commonwealth v. Schork*, 4€7 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976), it unquestionably stressed the mandate of the rule that there be an *on-the-record colloquy*:

'We reiterate here what was said in *Ingram, supra,* at 204–205, 316 A.2d at 81: "Adherence to [the guidelines set out in the Comments to Rule 319(a)] will serve to protect the rights of defendants while simultaneously facilitating appellate review." Failure to satisfy these minimal requirements will result in reversal.' *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824, 827 (1976). (citations omitted).

"For pleas entered after our decision in *Ingram*, there can be no excuse for a hearing court to have failed to recognize the need of an adequate *on-the-record colloquy* reflecting a knowledgeable and intelligent waiver." (Emphasis in original.)

Both Pa.R.Cr.P. 319 (waiver of right to trial), which was involved in *Kulp*, and Pa.R.Cr.P. 1101 (waiver of right to jury trial), which was involved in *Williams*, state that the colloquy "shall appear on the record." Both rules are de-

signed to protect constitutional rights. There is no valid reason for interpreting the language "shall appear on the record" in Rule 1101 any differently than the identical mandate in Rule 319. The policies underpinning our decision in *Kulp*—protection of constitutional rights and preservation of effective appellate review of purported waivers of those rights—are equally apposite in the context of waiver of trial by jury.

Because our disposition of this issue, we need not address other issues raised by appellant.

The order of the Superior Court affirming the judgment of sentence is reversed and the matter remanded for a new trial.

POMEROY, J., filed a dissenting opinion.

EAGEN, C. J., dissents.

PACKEL, former J., did not participate in the decision of this case.

POMEROY, Justice, dissenting.

The Court concludes that the colloquy between the trial judge and the defendant pursuant to which the judge accepted a waiver of trial by jury was not, on its face, sufficient to show that the waiver was knowing and intelligent. With this much of the opinion I can agree. The Court then proceeds, however, based upon that conclusion, to find that defendant's trial counsel (who was also counsel on appeal to the Superior Court) was necessarily ineffective in failing to raise the invalidity of the waiver as an issue either in post-verdict motions or on appeal to the Superior Court. A new trial is therefore granted. Based upon the present record I am unable to agree either that counsel was ineffective or that the Court should reach and decide the merits of appellant's underlying claim relative to waiver. Hence this dissent.

Counsel may not be deemed ineffective for pursuing a course which was born of a reasonable, calculated strategy. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In the latter case the presence of "some reasonable basis designed to effectuate his client's interest" was held to be the test for effectiveness. In the same vein, we said that ineffectiveness cannot be found unless we were to conclude that "the alternatives not chosen [by counsel] offered a potential for success substantially greater than the tactics actually utilized." *Id.* 427 Pa. at 605 n.8, 235 A.2d at 353 n.8. Our analysis of the action or non-action of former counsel which is pointed to as demonstrating his ineffectiveness is solely for the purpose of deciding the question of ineffectiveness; the claim itself, not having been timely raised at the trial or first appellate level, has not been preserved for our review. See *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975). Rather, as we observed in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), "once we conclude that the omitted contention [i.e., trial counsel's non-action] is of arguable merit, our inquiry into the substance of the claim ceases and shifts to an analysis of a [trial] counsel's basis for decision." 472 Pa. at 278, 372 A.2d at 696.

When the record before a reviewing court is inadequate to disclose whether counsel acted pursuant to a reasoned course, i.e., whether there existed a satisfactory basis for not making the omitted claim, then the appellate court should remand the case for an evidentiary hearing on that issue. *Commonwealth v. Hubbard, supra*, 472 Pa. at 278, 372 A.2d at 696 (1977); *Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Twiggs, supra*. A finding of ineffectiveness without the benefit of such a hearing is proper only when it can conclusively be said from an examination of the record on appeal that there could have been no reasonable basis for counsel's decision. *Commonwealth v. Hubbard, supra*. The majority has concluded that this is such a case. With respect, I fail to see how this

conclusion can be reached on this record or under our case law.

The majority's position is supportable only if counsel acted without possible justification in failing to challenge the effectiveness of petitioner's jury trial waiver on the basis of the inadequate colloquy which preceded it. Such a conclusion follows, however, only if the inadequacy of the colloquy conclusively establishes the ineffectiveness of the waiver and hence requires the grant of a new trial. The majority suggests that such a rule was announced in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). In the *Williams* decision, however, we *expressly refused* to adopt a prophylactic rule which would invalidate a purported waiver of a jury trial simply because it was not supported by an adequate colloquy. Rather, we recognized that evidence dehors the record could be used to establish the validity of the waiver:

"The appellant argues that we should make a per se prophylactic rule reversing convictions for failure to comply with Rule 1101, despite the fact that a subsequent full and fair hearing proved the waiver of the constitutional right was knowing and intelligent. When we make rules for criminal proceedings we do so in order to protect the rights of the individual and therefore we expect strict compliance with those rules. However, a prophylactic exclusionary rule is applied only in extreme cases where all other attempts to secure compliance have proven unsuccessful. See generally *Mapp v. Ohio*, 367 U.S. 643, 651–652, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In this area there has been no showing of widespread flagrant disregard to justify formulation of such a rule at this time.

"Furthermore, where there is a subsequent proceeding in which the waiver is proven to be knowing and intelligent on the record such a prophylactic rule seems unnecessary since the purposes of the rule to ensure the constitutionality of the waiver and our ability to review it, are satisfied. See *Commonwealth v. Godfrey*, 434 Pa. 532, 538, 254 A.2d 923 (1969) (Roberts, J., concurring)." *Com-*

*monwealth v. Williams,* 454 Pa. 368, 372, 312 A.2d 597, 599 (1973).

Trial counsel's decision, then, whether or not to raise the involuntary waiver issue rests not only on the facial adequacy or inadequacy of the colloquy, but also on a review of the circumstances surrounding the waiver.  A lawyer who prior to trial had fully discussed with his client the various considerations for and against trial by jury and the consequences of the waiver could reasonably conclude that the decision to forego a jury was in the client's best interests when made and still remained so.  He might also reasonably believe in light of *Williams* that the attendant circumstances would render futile any effort to challenge the waiver either post-trial or on appeal.  Counsel may not be deemed ineffective for failing to pursue an avenue which, in light of the then existing state of the law, would appear frivolous. *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974).  Nor may counsel be deemed ineffective for failing to anticipate a change in the law such as is accomplished by today's opinion when it announces a *per se* rule of invalidity of a jury trial waiver whenever the supporting colloquy is inadequate. See, *e.g., Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977).  Thus a reviewing court may not properly pass upon counsel's alleged ineffectiveness in failing to pursue a claimed facially defective waiver of jury trial unless and until it is apprised of the reasons for counsel's inaction. Because the record before us does not yield this information the only proper course is to remand for an evidentiary hearing to develop it.

Ignoring the teaching of both *Hubbard* and *Williams,* the majority relies on *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1977) as the authority for its grant of a new trial. In *Kulp* we held that a new trial is required where the on-the-record colloquy in support of a tender and acceptance of a defendant's guilty plea is insufficient to establish a valid waiver of the right to proceed to trial.  *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974).  The fact that a

majority of this Court is of the opinion that the non-observance of the clear and frequently reiterated requirements for the establishment of a knowing guilty plea is sufficiently widespread as to require automatic reversal where the requirements are ignored does not support the conclusion that a *per se* rule is required with respect to jury trial waivers, where no widespread abuse of colloquy requirements has been shown.*

To recapitulate, I would remand this case to the trial court for an evidentiary hearing to establish whether or not trial counsel was ineffective. If counsel is held to have been constitutionally effective, a new appeal to the Superior Court on that issue should be available to the defendant. Should trial counsel be held to have been constitutionally ineffective, then it becomes appropriate to determine the merits of the claim that the defendant's waiver was not voluntary, knowing and intelligent. Because the majority circumvents this jurisprudentially sound procedure, I must dissent.

---

* Although this Court has said that *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) established no new law, see *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976), nevertheless, since the date of *Ingram*, the Court has found it necessary on numerous occasions to rectify an *Ingram* violation. See, *e.g., Commonwealth v. Kulp, supra; Commonwealth v. Jasper*, 472 Pa. 226, 372 A.2d 395 (1976); *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Ramos*, 468 Pa. 404, 364 A.2d 257 (1976); *Commonwealth v. Hunter*, 468 Pa. 7, 359 A.2d 785 (1976); *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Mack*, 466 Pa. 12, 351 A.2d 278 (1976); *Commonwealth v. Sutton*, 465 Pa. 335, 350 A.2d 793 (1976). In contrast, since our decision in *Williams* (which was handed down some months prior to the *Ingram* decision), this Court has not been presented until the instant appeal with a single instance of reversible error involving a jury trial waiver colloquy.