399 A.2d 718

**COMMONWEALTH of Pennsylvania**

v.

**Gary A. PALMER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided March 9, 1979.

Roger G. Rulong, Jr., Kittanning, for appellant.

Roger T. Mechling, Assistant District Attorney, Kittanning, for Commonwealth, appellee.

Before PRICE, HESTER and WATKINS, JJ.

HESTER, Judge:

This is an appeal from the Order of the Court of Common Pleas of Armstrong County denying Appellant's petition for relief under the Post-Conviction Hearing Act.[1]

Appellant pleaded guilty to a charge of escape on August 31, 1976. On October 7, 1976 appellant was sentenced to a term of 1½ to 3 years in jail. No direct appeal was taken.

On December 22, 1976, appellant filed a pro se petition for relief under the Post-Conviction Hearing Act. Counsel was appointed and an amended petition was filed. After a hearing, the court on October 7, 1977, dismissed the petition and appellant now brings this appeal.

Appellant asserts that the PCHA Court erred when it refused to allow him to withdraw his plea of guilty where it was shown that the guilty plea was induced by misrepresentations of defense counsel.

Under the Post-Conviction Hearing Act, appellant must show that he did not "knowingly and understandingly" waive any issue that could have been raised on direct appeal (but was not). 19 P.S. § 1180-3(d), 1180-4(b)(1), 1180-4(c). However, no waiver will lie where petitioner proves that the failure to raise the issue on direct appeal was justified by "extraordinary circumstances". *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976).

Here no direct appeal was taken. However, we will treat appellant's inartfully drawn issue as one asserting ineffective assistance of counsel. Thus, we hold that the issue presented is not waived since the PCHA hearing was the first time appellant was represented by other than trial counsel. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.* 19 P.S. § 1180-1 *et seq.*

168

(1975) and as such "ineffective of counsel represents an "extraordinary circumstance" which precludes waiver. *Commonwealth v. Ramos*, 468 Pa. 404, 364 A.2d 257 (1976).

Appellant claims he was induced to plead guilty by assurances from his counsel that he would get 1—2 years plus credit for time in jail, thus he (appellant) did not request a withdrawal of his plea.

■ We believe after a review of the testimony taken at the guilty plea hearing, the sentencing and the PCHA hearing that appellant's contention has no merit.

During the guilty plea colloquy, appellant testified as follows: (By the Court)

Q. Has the District Attorney or any police officer or anyone else including your own attorney, Mr. Heilman, brought any force or pressure to bear on you or made any promises or threats to you or held out any inducement to you in any way to get you to come here today and enter a plea of guilty?

A. (appellant) No.

Q. Has anyone made any promises or threats or used any force or pressure or held out inducements to you with regard to any sentence that the Court might impose as a result of your plea of guilty?

A. No.

Q. Do you understand that any promise, threats or force or pressure or inducement extended to you, the Court is not bound by that?

A. Yes sir.

Q. Do you understand that?

A. Yes sir.

THE COURT: Well, is there any plea bargaining of any description here?

MR. NICKLEACH: (the district attorney) No sir.

MR. HEILMAN: (defense counsel) No sir.

Q. (by the court) I assume that you have consulted with him about all aspects of your situation here and you have also consulted with him with regard the consequences of your entry of a plea of guilty, is that correct?

A. Yes sir.

Q. Well, are you satisfied satisfied with the help and advice and representation and counsel that Mr. Heilman has given you in this case?

A. Yes sir.

Q. Well, are you telling the Court then Mr. Palmer, that you are pleading guilty of this charge of escape because you are guilty of that offense and not because of any force or pressure or promises or threats or any inducements of any kind held out to you by anybody at all?

A. Yes sir.

(N.T.G.P. pg. 23, 24–47).

Appellant contends, however, that his plea was induced by a representation by counsel to the effect that he would receive credit for the time spent in the county jail. As it developed, appellant received credit for but four months county jail time (the other four months was disallowed as appellant escaped from that institution).

We, however, find nothing in the testimony to indicate that counsel made any such statements prior to the entry of the plea. There is some dispute concerning what was promised or not promised between the entry of the plea and sentencing. However, the contention here alleges only that the guilty *plea* was induced by misrepresentation. We do not consider any argument which focuses on events which are alleged to have occurred following the entry of the plea.

Thus we find appellant's contention to be without merit.

Order of the lower court affirmed.