405 A.2d 953
**COMMONWEALTH of Pennsylvania**
**v.**
**Wayne COVINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 8, 1979.

Decided June 5, 1979.

546

Gerald Jay Pomerantz, Philadelphia, for appellant.

Joseph J. Dougherty, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On June 8, 1970, the trial of appellant, Wayne Covington, began on charges of murder, robbery and conspiracy, for committing a homicide during the course of a robbery. Appellant pleaded not guilty to all charges. On the third day of trial, after presentation of all evidence, appellant changed his plea to guilty on all charges. The trial court found him guilty of murder of the first degree and sentenced him to life imprisonment. Appellant did not file post verdict motions but subsequently filed motions under the Post Conviction Hearing Act, requesting allowance to file post verdict motions nunc pro tunc. On May 28, 1976, the PCHA court granted appellant a hearing. At that hearing, appellant raised several claims. One of those claims, the only one he raises in this appeal, is that incompetence of trial counsel "coerced" him into changing his plea to guilty. The PCHA court rejected appellant's contention. We affirm.

Appellant claims that trial counsel was incompetent because he failed to object or request a mistrial when the mother of the victim made an unsolicited remark: "My son didn't want to die—my son wanted to live like anybody else." Trial counsel testified at the PCHA hearing that he believed the evidence establishing appellant's guilt of murder of the first degree was overwhelming, there was no plausible defense and the best strategy to avoid the death penalty was to earn the sympathy of the jury by relating appellant's unfortunate past. Counsel stated that he had not objected to the remark of the victim's mother because 1) he did not want to implant the comment in the minds of the jurors; 2) he did not think the court would grant a mistrial;

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

and 3) he did not want to move for a mistrial because he felt the case had gone as well as could be hoped and that the presiding judge would be more favorable in passing sentence than any other.

Appellant entered his plea of not guilty only after all evidence had been presented. Before changing his plea to guilty, he discussed the matter with counsel and members of his family. The trial court then held a full colloquy, explaining the nature of the offenses charged, the various possible penalties and the rights appellant was waiving, and accepted the plea only when satisfied that appellant understood what he was doing. At the colloquy, appellant stated that he was satisfied with the representation of trial counsel, who had, according to appellant, discussed the advantages and disadvantages of changing his plea.

A guilty plea is valid only if voluntary. *Commonwealth v. Tabb,* 477 Pa. 115, 383 A.2d 849 (1978). We are satisfied that appellant, aware of the weight of the case against him, knowingly and voluntarily changed his plea to guilty to reduce the risk of receiving the death penalty, not because his trial counsel, justifiably or not, did not object or move for a mistrial when the victim's mother made her remark. Compare *Commonwealth v. Oakie,* 474 Pa. 249, 378 A.2d 313 (1977) (accused may withdraw guilty plea if counsel misled him as to nature of offense to which he was pleading) with *Commonwealth v. Ward,* 442 Pa. 351, 275 A.2d 92 (1971) (accused could not withdraw guilty plea entered on basis of rational assessment of case, not counsel's alleged ineffective representation).

Order affirmed.