J-S61004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO ALBERT GENTILE | |
| Appellant | No. 899 WDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000915-2014

BEFORE: PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 21, 2016**

Appellant, Antonio Albert Gentile, appeals from the judgment of sentence entered after he pled guilty to one count of aggravated indecent assault and one count of simple assault. Gentile contends that the trial court erred in failing to grant his post-sentence motion to withdraw his guilty plea due to omissions in the court's oral guilty plea colloquy. After careful review, we affirm.[1]

_____

[1] We note with reproval the Commonwealth's failure either to file a brief in response to the instant appeal or otherwise inform this Court that it did not intend to file a response to the arguments raised in Gentile's brief. We are therefore constrained to remind the Commonwealth that an appellee is required to file a brief that at minimum must contain "a summary of argument and the complete argument for the appellee." **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (citing Pa.R.A.P. 2112).

In March 2014, the Pennsylvania State Police filed a complaint charging Gentile with committing aggravated indecent assault and simple assault. After a preliminary hearing, the charges were bound over for trial in the court of common pleas. On the eve of trial, Gentile entered a plea of guilty to the charges in exchange for a negotiated sentence. The trial court sentenced Gentile to an aggregate term of imprisonment of two to four years.[2]

After sentencing, Gentile hired new counsel and filed a *nunc pro tunc* motion to withdraw his guilty plea. The trial court denied the motion after a hearing. This timely appeal followed.

On appeal, Gentile presents two arguments that the trial court erred in refusing to allow him to withdraw his guilty plea. "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered." ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted). "There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." ***Id***. (citation omitted).

A trial court can only grant a post-sentence motion to withdraw a guilty plea upon a showing of prejudice that amounts to "manifest injustice." ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002)

---

[2] The trial court also sentenced Gentile on several other unrelated matters, including revocation of probationary sentences.

(citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id*. (citation omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Id*. (citation omitted). This Court cannot overturn a trial court's order denying a motion to withdraw a guilty plea absent an abuse of discretion. *See Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990).

Gentile first focuses on the trial court's failure to provide a factual description of the Commonwealth's charges during the oral colloquy. In support, he cites to, among other precedent, *Commonwealth v. Tabb*, 383 A.2d 849 (Pa. 1978), for the proposition that such a defect in an oral guilty plea colloquy is enough to warrant withdrawal of the plea.

However, *Tabb* is no longer an accurate statement of the law regarding withdrawal of guilty pleas. *See Commonwealth v. Schulz*, 477 A.2d 1328, 1330 (Pa. 1984) (noting that previous precedent utilizing a *per*

*se* approach had been supplanted by a totality of the circumstances analysis). As noted above, Gentile bore the burden of establishing that his plea was not knowing or voluntary in order to qualify for withdrawal of his guilty plea.

After reviewing the record before us, we cannot conclude that the trial court abused its discretion in denying Gentile relief. Gentile completed a written plea colloquy that detailed the rights he was surrendering. Furthermore, he has not identified any specific aspect of the charges against him that he did not understand, or that had an impact on his decision to plead guilty. **Cf. Commonwealth v. Flanagan**, 854 A.2d 489 (Pa. 2004) (trial court erred in refusing withdrawal of guilty plea due to failure to elucidate the impact of the varying stories of co-defendants upon the issue of accomplice liability). Under these circumstances, the trial court was entitled to conclude that Gentile had failed to carry his burden of establishing that his guilty plea was unknowing or involuntary.

In his second argument, Gentile contends that the trial court erred in failing to advise him of his post-sentence rights when sentencing him. However, our review of the record indicates that the trial court implicitly granted Gentile relief on this claim, as it held a hearing on his untimely post-sentence motion and addressed the motion on its merits. We therefore conclude that Gentile is entitled to no relief on this claim.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/21/2016</u>