386 A.2d 105

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael Lynn WALLS.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1977.

Decided April 28, 1978.

Edgar B. Bayley, District Attorney, Camp Hill, for Commonwealth, appellant.

Taylor P. Andrews, Public Defender, Carlisle, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On December 20, 1976, a warrant authorizing the search of the premises of the appellee, Michael Lynn Walls, was issued by a district justice in Cumberland County, Pennsylvania. The appellee was the prime suspect in the armed robbery of Fleming's Truck Stop in Middlesex Township, Cumberland County, which robbery occurred at 2:00 A.M., that day. The object of the search warrant was identifiable money, approximately $2,600 which had been taken in the robbery. Later that same day the search warrant was executed at the appellee's apartment and resulted in the seizure of a .25 caliber revolver found in plain view and the sum of $2,546 in currency found in a pancake mix box on the top of a cupboard in the kitchen. The money was wrapped in paper money wrappers and rubberbands. After the seizure of the money and the revolver the appellee admitted that he committed the Fleming's robbery earlier that day. He was arrested at that time and taken to the State police barracks for booking where he made additional incrimina-

tory statements. He was charged with robbery, theft by unlawful taking and possessing the instruments of a crime.

Appellee filed a motion to suppress the physical evidence as well as the statements made subsequent to his arrest. Following a suppression hearing before the Honorable SYL-VIA H. RAMBO the statements and the currency recovered at the defendant's apartment were suppressed by an order dated February 15, 1977. On February 17, 1977, the Commonwealth filed a Motion to Reopen the Suppression Hearing. A hearing on that motion was held on February 18, 1977, and by an order dated February 22, 1977, Judge RAMBO denied the request to reopen the hearing. The Commonwealth appealed to this Court from the Orders of February 15, 1977, and February 22, 1977.

In her opinion accompanying the order of February 15, 1977, Judge RAMBO stated that the Commonwealth failed to meet its burden of "going forward with the evidence and of establishing the admissibility of the challenged evidence" at the suppression hearing as required under Pa.R.Crim.P. 323(h). The lower court ruled that Pa.R.Crim.P. 2008(a) requires that a "law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person . . . from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof . . ." and the Commonwealth failed to prove that the officers supplied the appellee with a copy of the search warrant and additionally the Commonwealth failed to advise him of his rights prior to his statements. The lower court, in denying the Commonwealth's Motion for a rehearing, stated in its opinion in Support of that Order that the Commonwealth rested with its additional witness available and in the courtroom, and it failed to request a continuance when it discovered that the additional witness had to leave. It was not until after the opinion was filed in support of the order of suppression that the Commonwealth requested a re-hearing. The lower court cited authority supporting the proposition that it is within the discretion of the court to allow the Commonwealth to reopen its case after it has

rested and in this case the lower court maintains that it did not abuse its discretion.

■ The Commonwealth argues on appeal that it was beyond the power of the lower court to apply the exclusionary rule with respect to the evidence of the money in wrappers because of a violation of the Pa.R.Crim.P. 2008. In support of its position the Commonwealth cites *Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977). In that case the lower court suppressed evidence seized because a police officer failed to verify the inventory of items seized when he made a return of the warrant to the issuing authority as provided by Rule 2009(a) of the Pennsylvania Rules of Criminal Procedure. We held that neither the lower court nor the Superior Court has the power to fashion a rule that requires the exclusion of evidence because of a violation of a Rule of Criminal Procedure. The general supervisory and administrative authority over all the courts is vested solely in the Supreme Court of Pennsylvania and if such a rule is to be promulgated or the present rule amended it is within the jurisdiction of the Supreme Court. Therefore in *Jones* we reversed the order of the lower court suppressing the evidence. We are confronted with the exact same issue in this case. The exclusion of the money was based solely on the fact that the law enforcement officers did not leave a copy of the warrant and the affidavit(s) in support thereof with the defendant as required by Pa.R. Crim.P. 2008(a).

■ The suppression of the statements made by the defendant present a somewhat different situation. The lower court did not find as a matter of fact that appellee's statement was obtained in violation of his constitutional rights.[1]

---

1. Although no finding of fact was made by the lower court, the record clearly reflects that the defendant was aware of his rights. The following colloquy took place during cross-examination of the defendant.

Q. Now, did he give you your rights towards this point?
A. He started to give my rights earlier before the flair up, that was the only time.

6

Again, the basis upon which the statements were suppressed was that the Commonwealth failed to meet its burden of proof as required by Pa.R.Crim.P. 323(h). Unlike the situation with the alleged violation of Pa.R.Crim.P. 2008(a) discussed above, the issue concerning the defendant's right to receive his *Miranda* warnings is one of constitutional dimensions. Therefore the failure of the Commonwealth to sustain its burden of proof under Pa.R.Crim.P. 323(h) might well require the suppression of the oral statements made by the defendant. We can find nothing in the record to indicate that the lower court erred in ruling that the Commonwealth did not establish that the evidence of the oral statements was properly obtained.

 Pursuant to our reasoning above we should reverse that part of the order suppressing the physical evidence, affirm that part of the order suppressing the oral statements and remand the case for further proceedings. However, the case can not be disposed of with such an order because the lower court based the suppression of the physical evidence on its ruling that the Commonwealth failed to meet its burden under Pa.R.Crim.P. 323(h) and did not address the issue of the validity of the warrant itself. We cannot decide that issue because the lower court has not furnished us with a statement setting forth findings of fact and conclusions of law as required by Pa.R.Crim.P. 323(i). If the search warrant was invalid both the physical evidence and the statements should be suppressed. The issue of the validity of the warrant was raised by the defendant in his motion to suppress and testimony was received by the lower

Q. Did you ever say to him, I know my rights, you don't have to bother with that?
A. Yes, sir.
Q. Did any of the other officers say anything in regard to the *Miranda* warnings? Do you know what *Miranda* warnings are?
A. They're your rights.
Q. Yes.
A. No other officer said anything to me.
Q. Did you admit to the police at that point that you had pulled this job?
A. Yes, sir.

court on that issue during the hearing. We therefore reverse that part of the order of the lower court dated February 15, 1977, which suppresses the physical evidence and remand the case for findings of fact and conclusions of law on the issue of the validity of the search warrant for reasons other than failure to leave a copy of the warrant and affidavit with the appellee. Should the search warrant be determined to be valid then the case shall proceed to trial. That part of the order of February 15, 1977, suppressing the oral statements is affirmed.

Affirmed in part and reversed in part, and remanded with instructions.

SPAETH, J., files concurring and dissenting opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring and dissenting.

I agree that the suppression of appellant's oral statements should be upheld; although the lower court made no findings of fact, it is sufficiently clear that the court did not believe that appellant had been advised of his *Miranda* rights. However, I disagree that the case should be remanded for findings regarding the issue of the validity of the warrant. We may examine that issue ourselves, by examining the warrant. *Commonwealth v. Logan*, 468 Pa. 424, 428 n. 4, 364 A.2d 266 (1976). Having done so, I conclude that the warrant was valid. The only question I can see is whether the nighttime search was proper. Even if it was improper, however—and here I think it was—that fact does not warrant suppression. *See Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977).

I should therefore affirm the order of the lower court as to the oral statements, and reverse as to the physical evidence.