443 A.2d 299

COMMONWEALTH of Pennsylvania,

v.

Carl Melvin SMITH, Appellant.

Superior Court of Pennsylvania.

Argued May 11, 1981.

Filed Jan. 19, 1982.

Reargument En Banc Denied
April 16, 1982.

64

Hubert D. Yollin, Abington, for appellant.

Joseph J. Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant was convicted in a nonjury trial of robbery, kidnapping, burglary, recklessly endangering another person, terroristic threats, and possession of an instrument of crime. Following the denial of post-verdict motions and the imposition of sentence, new counsel was appointed for appellant to pursue this appeal. Appellant now contends, *inter alia*, that trial counsel was ineffective for failing to raise in post-verdict motions the lower court's patently defective jury trial waiver colloquy. We agree and, accordingly, reverse the judgment of sentence and grant appellant a new trial.

The Commonwealth concedes that the lower court's colloquy with appellant concerning the waiver of a jury trial was defective under the standards enunciated in *Common-*

*wealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973). In order to knowingly and intelligently waive his right to a jury trial, an accused must be aware of the essential elements of a jury trial, i.e., "that the jury be chosen from members of the community (a jury of one's peers), *that the verdict be unanimous,* and *that the accused be allowed to participate in the selection of the jury panel."* *Id.,* 454 Pa. at 373, 312 A.2d at 600 (emphasis added). *See also Commonwealth v. Greene,* 483 Pa. 195, 394 A.2d 978 (1978); *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978); *Commonwealth v. Fortune,* 289 Pa.Superior Ct. 278, 433 A.2d 65 (1981); *Commonwealth v. Phillips,* 285 Pa.Superior Ct. 485, 427 A.2d 1391 (1981); *Commonwealth v. Duncan,* 266 Pa.Superior Ct. 112, 403 A.2d 119 (1979); *Commonwealth v. Bouie,* 263 Pa.Superior Ct. 556, 398 A.2d 716 (1979). The lower court failed to inform appellant that he could participate in the jury selection and that the verdict must be unanimous. Appellant contends that the failure of his prior counsel to raise the improper colloquy in post-verdict motions denied him the effective assistance of counsel. We agree. As our Supreme Court held under similar circumstances, "the only conclusion possible is that appellant's previous counsel was ineffective for failing to raise the issue of the validity of the jury trial waiver in post-verdict motions . . . ." *Commonwealth v. Morin, supra,* 477 Pa. at 86, 383 A.2d at 832. When counsel has been found ineffective for failing to raise the adequacy of a jury trial waiver colloquy, the proper remedy is to remand for a new trial. *Id.,* 477 Pa. at 87–88, 383 A.2d at 835.

The Commonwealth contends, however, that although the colloquy itself was insufficient, appellant signed a waiver setting forth all the essential elements of a jury trial, and thus, his consent was knowing and intelligent. We disagree. Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides, in pertinent part:

In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. *The judge shall*

*ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record.*

(Emphasis added.) "The intelligence of such a waiver may not be presumed, guessed or conjectured." *Commonwealth v. Tami*, 264 Pa.Superior Ct. 535, 539–40, 400 A.2d 214, 216 (1979), *quoting Commonwealth v. Hooks*, 450 Pa. 562, 565, 301 A.2d 827, 828 (1973). The lower court failed to inform appellant during the colloquy of his right to participate in the jury selection and the need for a unanimous verdict. Although appellant signed a purported waiver containing that information, the lower court did not ask appellant whether he had read it, and, if he had, whether he understood it. Thus it was impossible for the lower court to have determined whether appellant had knowingly and intelligently waived a jury trial. Accordingly, because the lower court has failed to comply with the requirements of Pa.R. Crim.P. 1101 and *Commonwealth v. Williams, supra,* we must reverse the judgment of sentence and grant appellant a new trial.*

Judgment of sentence reversed and appellant granted a new trial.

---

* Because of our disposition of this matter, we need not address appellant's remaining contentions.