466 A.2d 140

**COMMONWEALTH of Pennsylvania**

v.

**Michael A. DE GEORGE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 22, 1983.

Filed Aug. 19, 1983.

Reargument Denied Oct. 28, 1983.

Petition for Allowance of Appeal Granted Mar. 7, 1984.

246

William F. Cercone, Jr., Pittsburgh, for appellant.

Shad Connelly, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, BROSKY and JOHNSON, JJ.

JOHNSON, Judge:

Appellant was convicted in a non-jury trial of possession with intent to deliver a controlled substance, and criminal conspiracy. Post-trial motions were filed and denied. He was sentenced to a term of imprisonment of two to four years to be followed by a consecutive five year period of probation. He here appeals from the judgment of sentence.[1] As we find merit in one of appellant's claims of trial counsel's ineffectiveness, we must reverse the judgment of sentence and remand for a new trial. Procedurally we are also required to review claims pertaining to the pre-trial suppression of evidence and the delay in imposition of sentence.

Appellant first complains that the suppression court erred in not suppressing evidence seized pursuant to a warrant when the police failed to sign the return for several days and delayed three or four days before verifying it before the issuing authority.

At the time in question, Rule 2009(a), Pa.R.Crim.P. provided as follows:

An inventory of the items seized shall be made by the law enforcement officer serving a search warrant. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, when feasible, or otherwise in the presence of at least one witness. The inventory shall be verified by said officer.

Appellant argues that the failure to abide by the rule "undermines the credibility of the return" necessitating the suppression of the inventoried evidence.

In *Commonwealth v. Walls*, 255 Pa.Super. 1, 386 A.2d 105 (1978) and *Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977) this court held that it was without authority to impose such sanctions upon the Commonwealth for its omissions pertaining to Rule 2009(a). Such authority rested with the Supreme Court. In light of *Walls* and

1. Nine issues are presented; seven issues in appellant's main brief and an additional two issues in a supplemental brief.

*Jones;* we see no need to expound any further upon such claim.

Appellant further contends that suppression should have been granted since the warrant contained material and deliberate misstatements of fact. He contends that there are two major flaws in the affidavit of probable cause. First he directs our attention to the alleged informant's testimony, in which the informant denied giving the authorities the information attributed to him. He further contends that the affiant did not personally prepare the portion of the affidavit regarding a surveillance carried out by other officers, although such averments were made as if by the affiant and depended upon the affiant for their credibility.

▪ The affidavit stated that an informant had provided the state police with certain information. The affiant testified at the suppression hearing that the information in the affidavit was true and correct to the best of his knowledge. (N.T. 2/9/78 p. 10) The informant claimed that he had not given some of the information attributed to him. (Id. at 66). A second state trooper, who was present when the meeting occurred, testified that the informant had indeed provided such information. (Id. at 94–95.) The court found that the informant had given such information.

> In reviewing this ruling our initial task is to determine whether the factual findings are supported by the record. "In making this determination, we are to consider only the evidence of the prosecution's witnesses and so much evidence of the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Goodwin,* 460 Pa. 516, 522, 333 A.2d 892, 895 (1975). If, when so viewed, the evidence supports the factual findings we are bound by such findings; we may only reverse if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Johnson,* 467 Pa. 146, 151–52, 354 A.2d 886, 889 (1976) (footnote omitted); quoted in *Commonwealth v. Patterson,* 488 Pa. 227, 233–34, 412 A.2d 481, 484 (1980). Furthermore, it is the exclusive province of the

suppression court to weigh the credibility of the witnesses and determine what weight to give to their testimony. *Commonwealth v. Reynolds*, 300 Pa.Super. 143, 446 A.2d 270 (1982); *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982).

The suppression court accepted the state police's testimony over that of the informant. We are bound by the court's assessment of credibility. Furthermore, the informant's own testimony at the suppression hearing raises questions as to his credibility. On several occasions he invoked his Fifth Amendment rights out of an apparent fear that his probation would be revoked if he was known to be associating with drug suppliers. (N.T. 2/9/78 p. 67) We find that the record fails to support this first claim that the affiant provided false information in order to obtain the warrant.

█ Likewise we find no merit to appellant's other suppression claim. In *Commonwealth v. Musi*, 486 Pa. 102, 113–14, 404 A.2d 378, 383 (1979) our Supreme Court stated:

> The concept of evaluating the police operation as a collective function as opposed to an individual one is not new. For instance, we have held that it is unnecessary for an arresting officer to have knowledge of the information which supported the probable cause of a warrantless arrest, provided that the officer issuing the order to arrest had sufficient information to act. *Commonwealth v. Kenney*, 449 Pa. 562, 566–567, 297 A.2d 794, 796 (1972). See also *Commonwealth v. Whitson*, 461 Pa. 101, 334 A.2d 653 (1975).

> Here, the officer supplying the information for the affidavit possessed the requisite information to satisfy the probable cause requirements. The fact that he delegated the responsibility of placing this information in affidavit form and the securing of the warrant from the issuing authority is of no consequence, where the affidavit accurately reflects the information possessed by the officer and that information satisfies the probable cause requirement.

Appellant's claim does not go to the fact that the averments regarding the surveillance were not identified as hearsay. The affidavit clearly indicated that the affiant was not a member of the surveillance team. Instead he complains that the supervising officer, who was not the affiant, had personally prepared portions of the probable cause section referring to the surveillance. (N.T. 2/9/78, pp. 33, 38, 56–57).

Appellant overlooks the fact that the affiant, as well as the typist or preparer of the warrant, also had knowledge of the information received from the surveillance team. (Id. at 42.) Therefore the affiant could properly swear that it was true and correct to the best of his knowledge. Even if appellant's premise was correct, the result would not differ.

In *Commonwealth v. Devlin*, 294 Pa.Super. 470, 440 A.2d 562 (1982) a probation officer provided information to the district attorney, who in turn alerted the police. The police applied for a search warrant based on the information given by the probation officer. In the affidavit no mention was made of the fact that the police had not talked to the probation officer themselves or that the district attorney had channeled the information to the police. The affidavit was held to be adequate to provide the probable cause. We held that the crucial test was whether the affidavit accurately reflected the actual information and the source relied on so that the issuing authority could assess the reliability of the source.

The current factual context is somewhat similar to that in *Devlin*. The district justice was apprised of the fact that the information resulted from other police officers; whether the information was channeled through two officers, one who prepared the affidavit and one who swore to it, was immaterial. The source was identified and was reliable.

Appellant next complains that the record fails to demonstrate that the waiver of his right to a jury trial was knowing, intelligent and voluntary. The Commonwealth points out that such a claim has not been preserved as it was not raised in pre-trial or post-trial motions. However,

appellant counters, on appeal, that if we deem the issue waived, then trial counsel was ineffective in not preserving it.[2]

■ Rule 1925(b), Pa.R.A.P. authorizes the trial court to direct an appellant to file a "concise statement of matters complained of on appeal." The rule further states that the failure to comply with such directive may be considered as a waiver of other matters not complained of. In this appeal, while appellant did question the jury trial waiver in his statement of issues, he did not raise trial counsel's ineffectiveness as it pertains to such waiver. However, our Supreme Court has interpreted the waiver provision of Rule 1925(b) as being "properly invoked only where ... omission from a statement of issues raised on appeal defeats effective appellate review." *Commonwealth v. Silver*, 499 Pa. 228, 238, 452 A.2d 1328, 1333 (1982). In the current case the substantive issue was raised and addressed before the lower court. Due to the nature of the ineffectiveness of counsel claim (counsel did not object to improper jury trial waiver), we find the record is adequate for purposes of appellate review.

■ The only jury waiver of record, whether oral or written, is a written waiver signed May 3, 1978. The printed form did not list the requisite elements of a jury trial; instead it merely stated that appellant "waives a jury trial ...." Rule 1101, Pa.R.Crim.P. requires that the trial court determine, on the record, whether a defendant's decision to be tried non-jury is knowingly and intelligently entered. The courts of this Commonwealth have required that such colloquy contain explanations of the right to be tried by a jury, that: the jury would be chosen from the community; its verdict must be unanimous; and the defendant may participate in its selection. *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978); and *Commonwealth v. Smith*, 297 Pa.Super. 63, 443 A.2d 299 (1982).

2. Appellant is represented by new counsel on appeal.

In *Commonwealth v. Casner*, 315 Pa.Super. 12, 461 A.2d 324 (1983); *Commonwealth v. Anthony*, 307 Pa.Super. 312, 453 A.2d 600 (1982); and *Commonwealth v. Fortune*, 289 Pa.Super. 278, 433 A.2d 65 (1981), we found various jury trial waiver colloquies, while less than perfect, were nonetheless valid. However, in the current case there was *no* attempt on record to explain to appellant his right to a jury trial. In both *Morin, supra,* and *Smith, supra,* we found counsel was ineffective as he or she could not have had any reasonable basis for failing to object to an inadequate jury trial waiver. Likewise here, we must find, counsel was ineffective where there is *no* explanation provided the defendant. Therefore, we must reverse the judgment of sentence and remand for a new trial.

■ While we find it unnecessary at this point in time to address appellant's remaining claims of trial error, ineffectiveness of counsel, and errors at the sentencing,[3] we must resolve one other issue raised on this appeal. That is whether, what appellant terms the "unconscionable delay" in imposing sentence deprived appellant of due process of law and violated his right to a speedy trial. Sentence was imposed fourteen months after appellant's trial. He believes such delay was unreasonable and requires that he be discharged.[4] In the alternative, he claims the record is inadequate to determine whether the delay was purposeful or oppressive and he argues that we should remand the case for an evidentiary hearing.

The leading Pennsylvania case in this area is *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980). There

3. Appellant's other contentions are that: the court erred in receiving into evidence the inventory and testimony which implicated him in other crimes, and indicated he had exercised his right to remain silent; counsel was ineffective in failing to seek recusal of the trial judge; and the court considered improper evidence at the sentencing stage and failed to advise him of his right to seek reconsideration.

4. We must address this issue, even though we find a new trial is required on other grounds, as this court held in *Commonwealth v. Stewart*, 221 Pa.Super. 1, 289 A.2d 126 (1972) that a violation of the principles of due process there occurred when sentencing was delayed eleven years requiring the defendant to be discharged.

the court, without explicitly deciding, assumed arguendo that sentencing is part of trial for purposes of the speedy trial rule.[5]

In that context, whether a delay in sentencing amounts to an unconstitutional deprivation of a speedy trial right depends upon the circumstances. *Pollard v. U.S.,* [352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 [1957]]; accord, *United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966). See also *Commonwealth ex rel. Holly v. Ashe,* [368 Pa. 211, 82 A.2d 244 (1951)]. Such delay must not be purposeful or oppressive. *Pollard v. U.S., supra;* accord, *United States v. Ewell, supra.* The principal factors to be considered in determining whether a delay in sentencing has deprived a defendant of his right to a speedy trial are length of delay, reason for delay, assertion of the right, and resulting prejudice to interests protected by the right to a speedy trial. Accord, *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Commonwealth v. Jones,* 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972).

490 Pa. at 627, 417 A.2d at 599 (footnote omitted). There the Court found that a delay of almost two years required inquiry. The Supreme Court found the delay was attributed in part to the defendant's inability to obtain a transcript due to his refusal to pay for it. Additionally, the court found that the trial judge was faced with a heavy caseload and that the defendant had not formally sought to expedite a ruling on post-trial motions and imposition of sentence.

The Supreme Court found Pounds was not prejudiced as he was subjected to a mandatory life sentence and he had not sought release on bail. The court concluded that the delay was neither oppressive nor purposeful.

5. In resolving this appeal we follow the guidance of the Supreme Court of the United States as applied by our Supreme Court. Any more definitive holding must come from such higher courts.

This court recently addressed a similar claim in *Commonwealth v. Glover,* 303 Pa.Super. 229, 449 A.2d 662 (1982). There relief was denied since the defendant had not asserted such a right during most of the delay. Furthermore while there was no reason to attribute the delay to the defendant he was not prejudiced by the delay as he was free on bond.

In the current case the verdict was returned on February 12, 1979. Appellant filed timely post-trial motions reserving a right to file additional reasons after the notes of testimony were transcribed. The last transcript was filed nine months later. Appellant filed no supplemental post-trial motions but did file a motion to dismiss based on the delay in the filing of the transcript; this was filed ten months after the verdict. In denying this motion the court found that post-trial motions had not been disposed of because defense counsel did not wish to argue such until furnished with the transcript. The court found that the Commonwealth had exerted reasonable efforts to obtain the transcript from the court reporter who had moved out of state. On appeal, the record before us fails to show that a hearing or argument was held on the motion to dismiss and no transcript has been filed of such proceeding. Therefore, we may not rely on the court's finding that the Commonwealth had exerted a reasonable effort, as the record as it exists before this court, does not support such a finding. See *Commonwealth v. Sinor,* 264 Pa.Super. 178, 399 A.2d 724 (1979). Post-trial motions were disposed of three months later and sentence was imposed one month after that.

■ From the state of the record, we cannot find that appellant was responsible for the delay in the filing of the notes of testimony. However, similar to the situation in *Glover, supra,* appellant did not formerly raise the issue of delay until ten months had elapsed.[6] Additionally, as in *Glover,* appellant was free on bail. See also, *Common-*

6. Appellant stated in his motion that it was raised monthly as the post-trial motions came up for argument, however no formal pleading was filed. See *Pounds, supra.*

*wealth v. Rutherford*, 252 Pa.Super. 348, 381 A.2d 952 (1977) (31 month unexplained delay not prejudicial where defendant was free on bail). Therefore, we find that appellant was not prejudiced by the delay; the delay was not purposeful or oppressive.

Judgment of sentence is reversed and case remanded for a new trial.