J-S68012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN WALLACE AMOS, SR. | : | |
| | : | |
| Appellant | : | No. 463 WDA 2019 |

Appeal from the PCRA Order Entered March 11, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001559-2015

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED NOVEMBER 09, 2020**

Melvin Wallace Amos, Sr. (Amos) appeals from the order entered in the Court of Common Pleas of Mercer County (PCRA court) dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Amos's counsel applies to withdraw and has filed an **Anders** Brief.[1]  We affirm and grant counsel's application to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).  Although counsel has filed an **Anders** brief, the proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner/Finley** brief.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner/Finley** no-merit brief.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

**I.**

On August 18, 2015, the Mercer County Drug Task Force (Task Force) executed a search warrant on Amos's home at 1140 Fruit Avenue in Farrell, Pennsylvania. In a bedroom, the Task Force found a Ruger .45 caliber pistol and a Sterling Arms .25 caliber pistol, along with Amos's clothing and prescription medications. Based on a 1995 disqualifying conviction, Amos was charged with, among other offenses, two counts of persons not to possess firearms.[2]

Because the search warrant was based on controlled drug buys by a confidential informant, the Task Force sealed the affidavit pursuant to Rule of Criminal Procedure 211(A). Amos's first two attorneys did not seek to unseal the affidavit despite Rule 211 providing that it should be unsealed at the preliminary hearing and no later than formal arraignment. *See* Pa.R.Crim.P. 211(H)(1)-(2). The Commonwealth ultimately provided the affidavit on April 28, 2016, over six months after it should have been given to Amos.

On May 9, 2016, trial counsel entered his appearance but did not obtain the search warrant affidavit until a week before trial. Two days before trial, on June 13, 2016, trial counsel filed a motion to suppress, arguing the firearms

---

[2] 18 Pa.C.S. § 6105(a)(1). The Task Force also found a small bag of cocaine and charged Amos with possession with intent to deliver (PWID) and simple possession. The Commonwealth withdrew PWID before trial and *nol prossed* simple possession after trial.

should be suppressed because of the Rule 211 violation and the warrant lacking probable cause. On June 15, 2016, the trial court heard the motion. Agreeing that the Commonwealth had violated Rule 211, the court nonetheless found that suppression was not an appropriate remedy, as well as finding that there was probable cause for the search warrant.

After the motion was denied, Amos proceeded to a jury trial. As part of its case, the Commonwealth presented Danielle Dallas (Dallas), Amos's ex-girlfriend who used to live at 1140 Fruit Avenue. She testified that she was the registered owner of the firearms but left them in the home when she moved out a year-and-a-half before the search. Testifying in his own defense, Amos admitted that he was aware of the firearms but denied that he ever touched or controlled them. He was found guilty of both firearms offenses and sentenced to concurrent four to eight year imprisonment terms. After the denial of post-sentence motions, he appealed to this Court to raise: (1) a **Batson**[3] claim; (2) a hearsay claim as to his prior conviction; (3) a sufficiency claim; and (4) a weight of the evidence claim. We rejected each claim and affirmed the judgment of sentence.

On August 2, 2018, Amos filed a *pro se* PCRA petition alleging that trial counsel was ineffective for (1) not timely obtaining discovery, (2) not

---

[3] **Batson v. Kentucky**, 476 U.S. 79 (1986) ((holding that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids a prosecutor from challenging potential jurors solely on account of their race).

challenging the search warrant, and (3) not calling witnesses to establish that he did not own the firearms. PCRA counsel was appointed and filed a motion to withdraw asserting that the petition was without arguable merit and lacked any factual or legal basis. The trial court granted the withdrawal and informed Amos that he could either proceed *pro se* or hire private counsel.

Amos opted to file a *pro se* amended petition preserving his prior ineffectiveness and adding a claim that the search warrant lacked probable cause. He made several additional complaints at a PCRA conference on February 25, 2019. Amos's alleged trial counsel was ineffective for: (1) not objecting to the admission of a prison phone call that he had with his daughter; (2) not challenging the warrant's veracity; (3) not compelling disclosure of the confidential informant's identity; and (4) not obtaining the search warrant affidavit until a week before trial. He further alleged that he was not given a copy of the warrant during the search. Finally, Amos argued that trial counsel should have argued that the firearms belonged to one of the other persons living in the home and that the jury's verdict was against the weight of the evidence.

On March 11, 2019, the PCRA court entered an opinion and order dismissing Amos's PCRA petitions. Following dismissal, Amos appealed *pro se* to this Court and, after being ordered to do so, filed his own Pa.R.A.P. 1925(b) statement. Amos applied to the trial court for the appointment of appellate counsel, which it did. On appeal, counsel filed a motion to withdraw, alleging

that Amos's appeal to be wholly frivolous and without merit. After reviewing counsel's brief, we denied his request and directed him to submit either an advocate's brief or a revised *Turner/Finley* brief. *Commonwealth v. Amos*, 2020 WL 527999, unpublished memorandum, at *13 (Pa. Super. filed February 3, 2020). Counsel has again filed a *Turner/Finley* brief and an application to withdraw.

## II.

When presented with a brief pursuant to *Turner/Finley*, we first determine whether the brief meets the procedural requirements of *Turner/Finley*. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Additionally, counsel must send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner that the petitioner may now proceed *pro se* or retain new counsel. *Wrecks*, 931 A.2d at 721. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016).

Here, counsel's brief details the nature of the case, lists the issues that Amos wanted reviewed, and explains counsel's reasoning for why the issues

are meritless. Counsel has also sent a copy of the brief and petition to Amos and informed him by letter dated September 16, 2020, that he has the right to proceed *pro se* or with privately retained counsel. Thus, counsel has complied with the dictates of **Turner/Finley,** and we can address the issues raised in the brief.

Counsel lists the following issues in his brief:

1. Whether trial counsel was ineffective for failing to conduct discovery in a timely and proper manner?

2. Whether trial counsel was ineffective for failing to challenge the search warrant?

3. Whether trial counsel was ineffective for failing, at trial, to call witnesses to verify that the firearms recovered as a result of the search warrant were owned by the homeowner, not [Amos]?

4. Whether trial counsel was ineffective for failing to object to the introduction of a telephone recording between [Amos] and his daughter?

5. Whether trial counsel was ineffective for failing to attempt to discover the identity of the confidential informant [who] supplied information that led to the issuance of the search warrant?

6. Whether trial counsel was ineffective for failing to pursue suppression of evidence seized as a result of the search warrant where [Amos] was not shown or given a copy of the search warrant at the time that the warrant was served?

7. Whether the verdict was against the weight of the evidence?

Counsel's Brief at 5-6.[4]

_____

[4] Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is

- 6 -

**III.**

A PCRA petitioner may obtain relief by pleading and proving "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Counsel's effectiveness is presumed and the petitioner bears the burden of proving otherwise. ***Commonwealth v. Urwin***, 219 A.3d 167, 172 (Pa. Super. 2019). To establish ineffectiveness of counsel, the petitioner must plead and prove: (1) his underlying legal claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions prejudiced him. ***Id.*** Failure to satisfy any of these prongs requires dismissal of the claim. ***Id.***

**A.**

We address the first two issues together. Amos alleged that trial counsel was ineffective for failing to conduct discovery in a timely and proper manner, namely, in obtaining the search warrant affidavit that was initially sealed and then failing to challenge the search warrant.

Rule of Criminal Procedure 211, which governs the sealing of search warrant affidavits, provides that the Commonwealth must give a copy of the

---

free of legal error." ***Commonwealth v. Melendez–Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.***

sealed affidavit to the defendant at or before the preliminary hearing unless the Commonwealth moves to delay for good cause; however, "[i]n no case shall the delay extend beyond the date of the court arraignment." Pa.R.Crim.P. 211(H)(2). Despite Amos's arraignment being on December 22, 2015, the Commonwealth did not provide Amos with a copy of the affidavit until April 28 2016. **See** N.T., 6/15/16, at 3. Amos's claim has arguable merit and there is no reasonable basis for his attorneys neglecting to unseal the affidavit. As a result, we must determine whether he was prejudiced by his trial counsel not timely obtaining the search warrant affidavit, which would mean "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).

Counsel concludes that Amos was not prejudiced by the error because trial counsel did obtain the affidavit and filed a motion to suppress two days before trial on June 13, 2016. A suppression hearing was held on the morning of trial on June 15, 2016, following which the motion was denied, as the trial court found that the search warrant affidavit contained sufficient probable cause for the search and that suppression was not an appropriate remedy for the search warrant not being timely unsealed. While trial counsel did not obtain the search warrant affidavit until late in the case, he nonetheless obtained it and filed a motion to suppress, the merits of which were heard and

ruled on by the trial court. Accordingly, no relief is due on the first two issues concerning the search warrant affidavit.

**B.**

Next, Amos alleged that trial counsel was ineffective for failing to call witnesses at trial to establish ownership of the firearms. For a petitioner to be entitled to relief on a claim of ineffectiveness of counsel for failure to call a witness, the appellant must demonstrate that: (1) the witness existed and was available and willing to cooperate; (2) counsel knew or should have known of the witness; and (3) the absence of the witness's testimony prejudiced the appellant. *Commonwealth v. Birdsong*, 24 A.3d319, 334 (Pa. 2011).

In his petitions, Amos did not identify what witness he believes should have been called or what their testimony would have been in regards to the ownership of the firearms that would have potentially changed the outcome of the trial. Because he has failed to identify that there was a witness that existed, was available and willing to cooperate, the claim lacks arguable merit.

In any event, as counsel points out, ownership is not an element of persons not to possess firearms; instead, under the offense, a person who has been convicted of an enumerated offense "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1). On direct appeal, addressing the sufficiency of evidence, we

found the Commonwealth adduced sufficient evidence to establish that Amos

constructively possessed the firearms.

> The record reflects that Appellant lived in the home of Danielle Dallas, his ex-girlfriend. Appellant and Dallas lived in the home together for 8 or 9 years, and Appellant rented the home after Dallas moved out. The gun in question was registered to Dallas, but she moved out of the home approximately a year and a half before Appellant's arrest and left it behind. Police found it in the master bedroom on a shelf. A wallet and pill bottles with Appellant's identifying information also were found in the master bedroom. Appellant testified that he did not sleep in the master bedroom after Dallas moved out, but the guns were within easy reach of the bed. Given that Dallas' firearm remained in the house after she moved out and was found in the master bedroom along with Appellant's wallet and pill bottles, we conclude that the record contains more than sufficient evidence to prove Appellant's constructive possession of the gun.

***Commonwealth v. Amos***, 1868 WDA 2016, 2017 WL 6545972, at *4 (Pa.

Super. filed December 22, 2017) (unpublished memorandum) (citations

omitted). For these reasons, we find the third issue to be meritless.

## C.

In his fourth issue, Amos faults trial counsel for not objecting to the

admission of a recording of a prison telephone call between him and his

daughter. The recording was played during the testimony of one of the Task

Force officers.

> Q. During the course of your investigation, did you have the opportunity to come across a taped conversation with the defendant?

> A. Yes.

> Q. I'm going to play you that. It's going to be about ten seconds long or so.

- 10 -

(The recording was played as follows:)

"I told mommy already all she got to do is go and get her guns. If she go and take her guns then they can't – that's all they were really charging me with. They [are] charging me with mommy's guns that [were] at the house. All she got to do is go and pick them up, and then there ain't nothing they can do."

Q. Is that the defendant speaking on the tape?

A. Yes.

N.T., 6/16/16, at 18-19.

The PCRA court addressed this issue in its opinion.

A review of the record reflects that [Amos] has not claimed that this conversation never happened, or that the recording was not a fair and accurate representation of the conversation. In his Amended PCRA Petition, [Amos] fails to dispute the existence or accuracy of the conversation. Finally, [Amos] does not suggest that his trial counsel would have had a basis to object to this conversation at trial. Therefore, [Amos's] argument fails to pass either the first or second prong of the test and will be denied.

PCRA Court Opinion, 3/11/19, at 5-6.

We would add that there were no issues as to authentication because Amos confirmed during his testimony that it was his voice on the recording. **See** N.T., 6/16/16, at 25-26. Additionally, to the extent the statement was hearsay, it was admissible under the party-opponent exception. **See** Pa.R.E. 803(25). Likewise, Amos has not alleged that he was unaware or not notified that he was being recorded in violation of the Wiretap Act, which allows for the recording of electronic communications of prison inmates where proper procedures are followed. **See** 18 Pa.C.S. § 5704(14)(i)(A)-(C).

Nevertheless, even if Amos could establish the first two prongs of ineffectiveness in relation to this claim, there was no prejudice because he admitted at trial that he lived in the home and knew about the firearms, but took no steps to ensure that he did not constructively possess the firearms found in the bedroom that contained his personal items. *See* N.T., 6/16/16, at 27, 36-37. We, therefore, agree with counsel that Amos's fourth claim is meritless.

**D.**

Amos's fifth claim is that trial counsel was ineffective for failing to compel disclosure of the confidential informant involved in the controlled drug buys that led to the search warrant. Counsel observes that trial counsel would not have been able to demonstrate that disclosure of the informant was material because Amos was charged only with firearms offenses based on the execution of the search warrant. We agree.

Under Pennsylvania Rule of Criminal Procedure 573, the trial court has the discretion to compel the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness:

> (a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

(i) the names and addresses of eyewitnesses....

Pa.R.Crim.P. 573(B)(2)(a)(i).

Where the informant was not an eyewitness, "the extent of the court's discretion is specified more broadly by case law." *Commonwealth v. Withrow*, 932 A.2d 138, 140 (Pa. Super. 2007). This Court has stated that there is no fixed rule as to when disclosure of a confidential informant's identity is justified:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id*. (quoting *Commonwealth v. Belenky*, 777 A.2d 483, 488 (Pa. Super. 2001)).

Additionally,

> [t]he Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.

*Commonwealth v. Marsh*, 997 A.2d 318, 321-22 (Pa. 2010) (internal citations omitted).

Relevant to this issue, where the charges are based on evidence found during the execution of a search warrant and not based on a drug transaction, courts have found that the defendant failed to establish the materiality prong. In **Withrow**, for instance, the confidential informant provided information of the issuance of the search warrant for the defendant's home, but was not involved in the search of the home two days later when the warrant was executed and drugs were found. **See Withrow**, 932 A.2d at 142. In finding that the defendant could not demonstrate materiality because the informant's involvement extended only to the issuance of the warrant, whether it was the defendant or someone else who sold the drugs at the home was irrelevant to the issuance of the search warrant. **Id**. at 141 (quoting **Belenky**, 777 A.2d at 489).

Here, the informant provided information that Amos and his son, Melvin Amos, Jr., were selling crack cocaine out of the 1140 Fruit Avenue address. Based on this information, the informant was used to make two controlled purchases of crack cocaine at Amos's home, one involving Amos's son (August 9, 2015) and the other involving Amos (August 15, 2015). Based on these controlled purchases inside the 1140 Fruit Avenue address, the warrant was issued. Following issuance of the search warrant, the confidential informant had no involvement in the case, including the August 18, 2015 search that resulted in the discovery of the two firearms that were the basis for the charges.

This being the case, Amos would not have been able to demonstrate materiality; the charges were based on the firearms found during the execution of the search, not the controlled drug buys. As a result, Amos cannot establish that his claim has arguable merit. *See Withrow*, 932 A.2d at 143; *see also Belenky*, 777 A.2d at 489 (finding trial court did not err in denying motion to compel identity of informant involved only in controlled purchases that led to issuance of search warrant).

**E.**

We next address Amos's sixth claim that his trial counsel was ineffective for not pursuing suppression based on Amos not being provided a copy of the warrant at the time of the search.

Pennsylvania Rule of Criminal Procedure 208 provides:

(A) A law enforcement officer, upon taking property pursuant to a search warrant, shall leave with the person from whom or from whose premises the property was taken a copy of the warrant and affidavit(s) in support thereof, and a receipt for the property seized. A copy of the warrant and affidavit(s) must be left whether or not any property is seized.

Pa.R.Crim.P. 208(A).

However, suppression is not required for technical violations of the rules of criminal procedure. Our Supreme Court has explained:

[T]hat neither the lower court nor the Superior Court has the power to fashion a rule that requires the exclusion of evidence because of a violation of a Rule of Criminal Procedure. The general supervisory and administrative authority over all the courts is vested solely in the Supreme Court of Pennsylvania and if such a rule is to be promulgated or the present rule amended it is within the jurisdiction of the Supreme Court.

***Commonwealth v. Mason****,* 490 A.2d 421, 424 (Pa. 1985) (quoting

***Commonwealth v. Walls****,* 386 A.2d 105, 106–07 (Pa. Super. 1978)). The

Court further explained: "This Court most assuredly has not fashioned an

automatic rule of exclusion of evidence for violations of Chapter 2000 [now

Chapter 200] of the Rules of Criminal Procedure generally...." ***Id****.* at 424.

Instead, suppression will be appropriate for a violation of the rules of criminal

procedure "only where the violation also implicates fundamental,

constitutional concerns, is conducted in bad-faith or has substantially

prejudiced the defendant that exclusion may be an appropriate remedy." ***Id****.*

at 426 (emphasis deleted).

With this background in mind, the PCRA court observed that Amos's

claim was nearly identical to that rejected in ***Commonwealth v. Musi***, 404

A.2d 378 (Pa. 1979). Finding that the defendant failed to demonstrate that

she was prejudiced from the police failing to perform the ministerial duty of

providing the search warrant, the Court found no relief was due. ***Id***. at 484.

We agree and conclude that ***Musi*** supports the finding that even if Amos were

not provided a copy of the search warrant, suppression would not be

warranted because there is no dispute the firearms were found on the

premises described in the warrant. As counsel notes, there is no nothing in

the record suggesting that the reliability of the firearms depends on the nature

of the alleged violation of Rule 208. Accordingly, the sixth claim is meritless.

**F.**

Lastly, in the seventh and final claim, Amos asserts that the jury's verdict was against the weight of the evidence and that trial counsel was ineffective for failing to request a new trial based on the weight of the evidence. Contrary to Amos's assertion, trial counsel did, in fact, raise this issue in a post-sentence motion and again on direct appeal. As a result, the issue has already been litigated. *See* 42 Pa.C.S. § 9543(a)(3).

In any event, we found on direct appeal that the trial court did not abuse its discretion in denying the motion.

> [Amos] argues the trial court erred in denying his motion for a new trial because the trial court misconstrued the evidence. According to the trial court, Dallas testified that she owned two handguns, a .25 and a .45, which she kept under the mattress in the master bedroom. Thus, the record supports an inference that [Amos] moved the gun in question, the .45, from the mattress to the shelf. [Amos] notes that Dallas actually testified that she kept the .25 under the mattress and the .45 on the shelf where police found it. Police did not find the .25. Thus, he contends, the record does not support an inference that [Amos] moved the .45 from under the mattress sometime after Dallas moved out.
>
> In our view, this discrepancy is not meaningful. Dallas left the home and the .45 a year and a half prior to [Amos's] arrest. The .45 was on a shelf in plain view in a bedroom where [Amos] stored his pill bottles and wallet, and within reach of the bed where [Amos] slept while Dallas still lived there. Furthermore, the jury was not required to credit [Amos's] testimony that he stopped sleeping in the master bedroom after Dallas moved out. A finding that [Amos] was in constructive possession of the .45 is not against the weight of the evidence. We discern no abuse of discretion in the trial court's decision to deny a new trial.

*Amos*, 2020 WL 527999, unpublished memorandum, at \*\*9-10.

- 17 -

Accordingly, we find that Amos's final claim is meritless. Additionally, we have conducted an independent review of the record and find no non-frivolous issues that could have been raised in this appeal.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2020